FILED
November 10, 2015
Third Court of Appeals
Jeffrey D. Kyle
Clerk

No. 03-15-00400-CV
No. 03-15-00399-CV

IN THE COURT OF APPEALS

FOR THE

THIRD SUPREME JUDICIAL DISTRICT OF TEXAS

AT AUSTIN

\*\*\*\*\*\*\*\*\*\*

BRIAN DIERSCHKE AND MARVIN DIERSCHKE

APPELLANT

V.

CHERYL LYNN DIERSCHKE, DANA JOY DIERSCHKE
AND GRANT STEVEN DIERSCHKE

APPELLEE

\*\*\*\*\*\*\*\*\*\*

**BRIEF OF APPELLANT**

\*\*\*\*\*\*\*\*\*\*\*\*

(Appealed from the 340th District Court
of Tom Green County, Texas)

\*\*\*\*\*\*\*\*\*\*\*\*

James David Walker
Attorney for Appellees
P. O. Box 41
Milano, Texas 76556
SBOT 20706000
512-636-9520

Brian W. Dierschke
and Marvin Dierschke
Pro Se for Appellants
8494 Hawk Ave
San Angelo, Tx 76904
325-651-9296

RECEIVED
OCT 29 2015
THIRD COURT OF APPEALS
JEFFREY D. KYLE

# INDENTITY OF PARTIES AND COUNSEL

Pursuant to Texas Rule of Appellate Procedure 38.1(a), appellant presents the following list of all parties and names and addresses of its counsel:

**APPELLANT/PLAINTIFF:**                    **COUNSEL:**

Brian Dierschke and Marvin Dierschke        Brian Dierschke and
                                            Marvin Dierschke
                                            Pro Se
                                            8494 Hawk Ave
                                            San Angelo, Tx 76904
                                            325-651-9296

**Respondent**

COURT OF APPEALS
Third District of Texas
P.O. Box 12547
Austin, Texas 78711-2547

**APPELLEE/DEFENDANT**

Cheryl Lynn Dierschke,                      James David Walker
Dana Joy Dierschke Nezwek,                  Attorney for Appellees,
and Grant Steven Dierschke                  P. O. Box 41
                                            Milano, Tx 76556
                                            SBOT 20706000
                                            512-636-9520

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL..............................................1

TABLE OF CONTENTS...............................................................2

TABLE OF AUTHORITIES..........................................................3

STATEMENT OF THE CASE.........................................................4

STATEMENT OF FACTS.............................................................5

STATEMENT REGUARDING ORAL ARGUMENTS................................8

ISSUES PRESENTED.................................................................8

SUMMARY OF THE ARGUMENT................................................8

ARGUMENT..........................................................................9

PRAYER.............................................................................12

APPENDIX...........................................................................13

# TABLE OF AUTHORITIES

## STATUES

TEXAS PENAL CODE                                                    Pages

Section 32.21  Forgery.......................................................... 8,
Section 32.46  Securing Execution of Document by Deception.................... 9, 11
Section 37.02  Perjury......................................................... 10
Section 37.03  Aggravated Perjury.............................................. 10


## TEXAS ESTATES CODE

Section 1151.001  Rights and Powers Retained by Ward .......................... 8, 11
Section 1101.101  Findings and Proof Required................................. 11

**TO THE HONORABLE COURT OF APPEALS FOR THE THIRD SUPREME JUDICIAL DISTRICT OF TEXAS**

Appellant, MARVIN DIERSCHKE AND BRIAN DIERSCHKE, respectfully submits this Appellants Brief in appeal of the judgment rendered against them and in favor of CHERYL LYNN DIERSCHKE, DANA JOY DIERSCHKE NEZWEK, AND GRANT STEVEN DIERSCHKE hereinafter referred to as "Grant","Dana", and "Cheryl". This is an appeal from the 340th Judicial District Court of Tom Green County Texas, Honorable Jay Weatherbee and the Honorable R. L. Blann presiding. For cause, Appellant would show cause on the court as follows:

## STATEMENT OF CASE

Grant made his own deed in 2003 without an attorney listed. Grant filed this deed in the Tom Green County Courthouse and proceeded to change ownership in the Farm Service Agency Office hereinafter referred to as "fsa". This is the same ownership in Grants deed and the Deed without Warranty filed in 2009. The fsa office balked at changing the ownership interest leaving Marvin as 100 percent owner. Marvin had bought the property from the trust in July 8,1981 in Volume 730 Page 123-129 in the Tom Green County Deed Records and the deed was listed as Marvin Dierschke, trustee leaving everything vague.

On March 30, 2009 Carmelita Schwertner Dierschke died. In July 2009, another Deed without Warranty was prepared by Hampton Beesley and Connie Powell from the trust department at Wells Fargo. It went to the fsa to change ownership and again the fsa balked at changing ownership. Both times the deeds went off to the Office of General Counsel. This time however the government suspended payments but kept Marvin signing up anyway. The fsa said that the ownership interest were in dispute and when

-4-

everyone agreed on the interests. They would pay what was owed from 2009 forward since Marvin had signed up each year.

This case is about real estate fraud, bank fraud, forgery and fraud on the court. The Trust department only owned this land for one month from June 8, 1981 to July 8, 1981 thus that is how the Deed Without Warranty was created in July 2009.

## STATEMENT OF FACTS

Carmelita Schwertner and Marvin Dierschke were married in April, 1962. Carmelita developed paranoid schizophrenia in 1965 with mental breakdowns in 1965, 1969, 1974, 1976 and almost continuously after that point. Her uncle, Gregory Schwertner had been institutionalized for the last 40 years of his life so mental illness had run in their family.

Marvin and Carmelita bought a 225 acre tract on Aug 16,1968 in Volume 291 Page 404 of the deed records. There was a Deed of Trust put on the land with George Finley as the trustee. Otto and Annie Dierschke (parents of Marvin) bought a 283 acre tract on Jan. 23 1974. There is a Deed of Trust put on the land with Phil Lane as the trustee. Three days later on Jan. 26, 1974, Otto and Annie sell the land with the Deed of Trust on it to Marvin and Carmelita. The property is paid off and a release of lien is filed on Dec. 5, 1977.

Otto Dierschke dies on Nov. 5, 1978. James Carter is hired to probate the estate of Otto Dierschke. James Carter talks Marvin Dierschke into putting his putting his mentally ill wife's property in a trust  Carmelita files for divorce in 1979. She goes into a nursing home permanently on Aug 1st 1979 for the rest of her life until March 30th 2009. A guardianship is put in place for her by her sibling and parents for fear they will

lose part of their estate to long term health care in the long term. It was signed by a Judge Ed Keyes on Dec 4, 1980. Marvin Dierschke resigns from the Carmelita Schwertner Dierschke Trust(Ex 3) on June 8, 1981 with a sales contract dated June 8,1981 selling it back to Marvin Dierschke, trustee. The Decree of Divorce (Ex 6) was signed on June 30,1981. John Earnest Schwartz who is the guardian of Carmelita signs the conservatorship on June 16, 1981. The divorce estate of Carmelita is looted when Marvin resigns from the trust on June 8, 1981. This is all orchestrated by James Carter and Gerald Ratliff. The property from the trust is listed in the conservatorship as her property. The Decree of Divorce (Ex 6) is signed on June 30, 1981. Marvin marries Janis Plaster in Feb, 1982. They buy a 126 acre farm together in 1983.

Marvin gets all the property deeded to him by the trust department on July 8, 1981. This was the only time the trust department theoretically owned this property. The Bank makes a Deed of Trust on all property(trust or not) on Jan 20, 1983 in Vol 495 Page 240. In Jan 1984, there is as release of lien filed on the 225 acre tract where George Finley is the trustee. On April 19,1985, Marvin Dierschke, trustee trades 43.36 % interest of 283 acre tract for his individual 135 acre tract. A judge Curt Steib signs. John Sutton, James Carter, and Steve Holt handle this transaction. On July 2, 1985, Lester Ocker gives a Release of Lien(Vol 836 Page 50) from a Warranty Deed with Vendor's Lien dated Feb 23, 1970 filed in the Tom Green County Deed records Vol 551 Page 232.

Grant, Cheryl and Dana file suit against Brian, Marvin, Janis and Christy. They hire Larry Bale who is in the same law firm with John Hay Jr., Charles Wittenburg and Cynthia Caldwell. Three of the twelve that were in the law firm that handled the divorce in 1981 from James Carter's firm. Larry Bale's brother-in-law's parents were owners of

-6-

the 225 acre tract that sold to Marvin and Carmelita in 1968. Also George Finley who

was the trustee of the 225 acre Deed of Trust was in the same law firm as James Carter.

We contacted the Texas Attorney General in 2012 and 2013 to try to get these deeds

fixed through medicaid fraud. Pretty soon we had a retaliation lawsuit from the

attorneys.

## STATEMENT REGUARDING ORAL ARGUMENTS

There is no need for oral argument since the documents speak for themselves in this case in support or denial of the law. The documents in this case are just like instant replay in sports in that an accurate decision can be made from looking at the documents.

## ISSUES PRESENTED

1. Did the trial court err by allowing forgery, perjury and false documents into the trial?

## SUMMARY OF THE ARGUMENT

The court's judges erred at letting forgery, perjury, and false documents get into the trial. The Warranty Deed (Exhibit 4), Agreement Incident to Divorce(Ex. 5), Divorce Decree (Ex. 6), and Deed Without Warranty (Ex 7) are all forgery or false documents. We answered and objected to lawsuit on Dec 31, 2012 stating on No. 4 "In the Conservatorship, John Schwartz signs for Carmelita Schwertner Dierschke. I have never found where Carmelita Schwertner Dierschke was adjudged incapacitated. John Schwartz can't sign for Carmelita Schwertner Dierschke if she is not adjudged incapacitated." Texas Penal Code under Texas Section 1151.001, it states Rights and Powers Retained by Ward- An incapacitated person of whom a guardian is appointed retains all legal and civil rights and powers. John Schwartz forged the document. Under the Texas Penal Code Section 32.21-Forgery under (1) (A) (i) it states "Forge means to alter, make, complete, execute, or authenticate any writing so that it purports to be the act of another who did not authorize the act."

-8-

James Carter represented the estate of Otto Dierschke. When he found out the 283 acre tract had a bad chain and the financial interest of the bad chain belong to the estate of Otto Dierschke. He talked Marvin into putting a portion of this 283 acre into a trust on March 16, 1979(Ex 4) so it would be buried and not found. This violated the Texas Penal Code Chapter 32.46 Fraud-Securing Execution of Document by Deception (a) a person commits an offense if, with intent to defraud or harm any person, he, by deception: causes another to sign or execute any document affecting property or service or the pecuniary interest of any person.

Also in the Warranty Deed (Ex 4) and Deed Without Warranty (Ex 7),and the Ageement Incident to Divorce (Ex 5), there is real estate where the Superior Title(s) that are somewhere else then Marvin and Carmelita Dierschke at the time of the divorce. The Decree of Divorce (Ex 6) has to be false if John Schwartz can't sign. In the Deed Without Warranty, the affidavit (Ex 1) by Hampton Beesley is perjury if there is a Superior Title somewhere else on March, 16, 1979. Because this case has forgery, perjury , and false documents, this case should be reversed and remanded to the trial court for further consideration.

## Argument

1. **Did the trial court err by allowing forgery ,perjury, and false documents into the trial?**

The evidence presented at trial that was false or forged was Beesley Affidavit (Ex 1), ,Warranty Deed(Ex 4), Agreement Incident to Divorce(Ex 5), Divorce Decree(Ex 6), and Deed Without Warranty (Ex 7). I have included the 283 Acre Tract documents (1970 to 1985) and the 225 Acre documents (1968 to 1984) in the Motions to Appeal due to fraud

dated June 9,2015 and June 22,2015 approximately.

The 283 Acre Tract is listed in the Warranty Deed (Ex 4) and Agreement Incident to Divorce (Ex 5). In the Warranty Deed dated Feb 23,1970, Lester Ocker deeds to Elmer Ocker 240 acre out of the 283 acre tract with a Warranty Deed with a Vendor's Lien ( Tom Green County Deed Records Vol. 551 Page 232). It expressly says on page 2 of the document that Lester Ocker has Superior Title until it is paid off which is July 2, 1985 where a Release of Lien is filed in Volume 836 Page 50. The ironic part to this is that Elmer and Lester Ocker give a Warranty Deed with Vendor's Lien to Phil Lane who is the trustee on a Deed of Trust on Jan 23,1974 to Otto Dierschke who then three days later sells it to Marvin Dierschke.

This 283 Acre Tract is listed on page 2 of the Warranty Deed (Ex 4) and again on Page 8 indirectly and page 9 of the Agreement Incident to Divorce (Ex 5). This property cannot be put in the Carmelita Schwertner Dierschke Trust(Ex 3) on March 16, 1979 with Lester Ocker having Superior Title.

On Aug 16, 1968, Marvin and Carmelita bought the 225 Acre Tract with Warranty Deed and Deed of Trust with George Finley as the trustee in volume 291 page 404 of the Tom Green County Deed Records. George Finley has Superior Title and a Release of Lien is not filed until Jan 6, 1984 in Volume 525 page 470. Beesley's Affidavit (Ex 1) is perjury because of this Superior Title. Beesley in his Affidavit (Ex 1) said he did deep research. He committed perjury under the Texas Penal Code Section 37.02 where a person commits an offense if, with intent to deceive and with knowledge of the statements meaning. And Texas Section 37.03 Aggravated Perjury (a) a person commits an offense, if he commits perjury as defined in Section 37.02, and the false statement: (1)

-10-

is made during or in connection with an official proceeding; and (2) is material.

This 225 Acre Tract is listed on page 4 of the Warranty Deed (Ex 4), page 8 indirectly and page 11 of the Agreement Incident to Divorce(Ex 5), and on page 7 in the Deed Without Warranty(Ex 7). The 225 Acre Tract cannot be put into the Carmelita Schwertner Dierschke Trust(Ex 3) since George Finley has Superior Title during this time frame. I have included the 225 Acre Tract documents in the June 22, 2015 motion

On page 6 of the Agreement Incident to Divorce (Ex 5), John Schwartz signs as Guardian of the person and estate of Carmelita Schwertner Dierschke. She was never adjudged incapacitated. John Schwartz can't sign for her if she was never adjudged incapacitated. Under Texas Penal Code Section 1101.101 Findings and Proof Required (1) (A) find by clear and convincing evidence that the proposed ward is an incapacitated person. An incapacitated person retains all legal and civil rights and powers. Texas Section 1151.001. John Schwartz can't sign for Carmelita.

There was fraud upon the court in 1981 by James Carter, Gerald Ratliff, Bradley Miles, and Randy Stout by violating the Texas Penal Code Chapter 32.46 Fraud-Securing Execution of Document by Deception. They were the attorneys in the divorce who committed fraud upon the court by having Superior Titles somewhere else inside the divorce and having John Schwartz sign for Carmelita which violated Texas Section 1151.001– Rights and Powers Retained by Ward.

-11-

## PRAYER

Appellant, Brian Dierschke and Marvin Dierschke respectfully for the reasons stated above, ask the Court to reverse the judgment of the trial court and remand the case for a new trial.

Respectfully submitted,

Brian Dierschke and
Marvin Dierschke
8494 Hawk Ave
San Angelo, Tx 76904
325-651-9296

BY: _____
BRIAN DIERSCHKE


BY: _____
MARVIN DIERSCHKE


PRO SE FOR APPELLANTS

12

# APPENDIX

1. DECREE ORDERING PARTITION AND APPOINTING COMMISSIONERS

2. FIRST AMENDED DECREE ORDERING PARTITION OF PROPERTY

-13-

NO. C120427C

| | | |
|---|---|---|
| CHERYL LYNN DIERSCHKE, | § | IN THE DISTRICT COURT OF |
| DANA JOY DIERSCHKE NEZWEK, | § | |
| AND GRANT STEVEN DIERSCHKE | § | |
| | § | |
| V. | § | TOM GREEN COUNTY, TEXAS |
| | § | |
| BRIAN WILLIAM DIERSCHKE, | § | |
| CHRISTY ANN DIERSCHKE WINN, | § | |
| MARVIN DIERSCHKE, AND JANIS | § | |
| DIERSCHKE | § | 340TH JUDICIAL DISTRICT |

## DECREE ORDERING PARTITION AND APPOINTING COMMISSIONERS

On June 1, 2015, came on to be heard and considered Plaintiffs' Request for Partition In Kind and Accounting. Plaintiffs, Cheryl Lynn Dierschke, Dana Joy Dierschke Nezwek, and Grant Steven Dierschke, appeared in person and by attorney of record and announced ready for said hearing. Defendants, Cheryl Ann Dierschke Winn and Janis Dierschke were duly and timely served with citation, but have not made an appearance in this cause and have wholly made default. Defendants, Brian William Dierschke and Marvin Dierschke, made their appearance in this cause; however, on September 17, 2013, this Court struck their pleadings and granted judgment by default against them on all of the claims and causes of action asserted by the Plaintiffs in this cause.

In due consideration of all matters of fact and law, and after hearing the evidence and argument of counsel, the Court is of the opinion and finds as follows:

1.     Cheryl Lynn Dierschke, Dana Joy Dierschke Nezwek, Grant Steven Dierschke, Brian William Dierschke and Christy Ann Dierschke Winn each own an undivided one-fifth (1/5) interest in and to the following three tracts of land:

       (a) the 91.749 acres out of Survey 67, Abstract 1968, and Survey 68, Abstract 8040, S.P.R.R. Co., District 11, described by metes and bounds as Tract A of Exhibit "B" in the Deed Without Warranty dated July 20, 2009, recorded as Instrument No. 673696 in the Deed Records of Tom Green

-1-

County, Texas, which Deed Without Warranty is hereby incorporated by reference;

(b) the 19.583 acre tract out of the East ½ of Survey 58, Abstract 8003, S.P.R.R. Co., District 11, described by metes and bounds as Tract B of Exhibit "B" in said Deed Without Warranty; and

(c) the 126.787 acres out of Surveys 67 and 68, S.P.R.R. Co., described more particularly as Tract D of Exhibit "B" in the Deed Without Warranty.

2.    Cheryl Lynn Dierschke, Dana Joy Dierschke Nezwek, Grant Steven Dierschke, Brian William Dierschke, and Christy Ann Dierschke Winn, each own an undivided one-fifth (1/5) of an undivided 34.5% interest in and to the following tract of land: 225.5 acres out of the W/2 of the north part of Survey 50, District 11, S.P.R.R. Co., described by metes and bounds as Tract C of Exhibit "B" in the Deed Without Warranty; and Defendant, Marvin Dierschke, owns the remaining undivided 64.5% interest in this 225.5 acre tract. Defendant, Janis Dierschke, who is Marvin Dierschke's spouse, has homestead rights in Marvin Dierschke's undivided interest in this 225.5 acre tract; and Marvin Dierschke and Janis Dierschke currently reside on two acres of this undivided 225.5 acre tract.

The Court further finds that the above described four tracts of land are susceptible of being partitioned in kind if, but only if, the property is partitioned by allocating to the Plaintiffs their interest in the four tracts of land such that the Plaintiffs interests remain undivided and the Defendants interest in the four tracts of land also remains undivided.

It, therefore, ORDERED that the forgoing property is partitioned among the parties such that the value of the parcel or parcels allotted to the Plaintiffs reflects their combined joint interest in the four tracts of land; and the parcel or parcels allotted to the Defendants reflects their combined joint interest in the four tracts of land.

It is further ORDERED that Kevin Halfmann, Jerry Sefcik and Chip Cole, competent and disinterested persons, are appointed commissioners to make the partition in accordance with this decree and the law, and when the partition is completed, to report in writing and under oath to this Court by the 1st day of August, 2015. It is ORDERED that

-2-

Robert Elliott is appointed alternate commission in the event one of the above named commissioners cannot serve.

It is further ORDERED, ADJUDGED, and DECREED that Plaintiffs, Cheryl Lynn Dierschke, Dana Joy Dierschke Nezwek, and Grant Steven Dierschke, have and recover judgment from and against Defendants, Brian William Dierschke and Marvin Dierschke, jointly and severally, for the sum of Two Hundred Sixty Four Thousand Seven Hundred Twenty Four and 13/100 Dollars ($264,724.13), plus post-judgment interest on this sum at the rate of five percent (5%) per annum after the date of the signing of this judgment. It is further ORDERED that an equitable lien is hereby created to enforce the payment of this Judgment against the interest granted to Brian William Dierschke and Marvin Dierschke in the property described herein; and, if such judgment lien remains unpaid as of the date of the final Order partitioning the property into separate tracts, that such judgment lien shall be imposed against the interest in such property specifically granted to Brian William Dierschke, to Marvin Dierschke, or to Brian William Dierschke and Marvin Dierschke.

It is further ORDERED that the Clerk of this Court shall order a writ of partition, directed to the Sheriff or any Constable of Tom Green County, Texas, commanding such Sheriff or Constable to notify each of the above named commissioners of their appointment. The Clerk shall accompany such writ with a certified copy of this decree.

Signed this 1st day of June, 2015.

_____
DISTRICT JUDGE PRESIDING
(R. L. Blann, Judge Assigned)

-3-

NO. C120427C

CHERYL LYNN DIERSCHKE,　§　　IN THE DISTRICT COURT OF
DANA JOY DIERSCHKE NEZWEK,　§
AND GRANT STEVEN DIERSCHKE　§
　　　　　　　　　　　　　　　　　§
V.　　　　　　　　　　　　　　　§　　TOM GREEN COUNTY, TEXAS
　　　　　　　　　　　　　　　　　§
BRIAN WILLIAM DIERSCHKE,　§
CHRISTY ANN DIERSCHKE WINN,　§
MARVIN DIERSCHKE, AND JANIS　§
DIERSCHKE　　　　　　　　　　　§　　340TH JUDICIAL DISTRICT

## FIRST AMENDED DECREE ORDERING PARTITION AND APPOINTING COMMISSIONERS

On June 1, 2015, came on to be heard and considered Plaintiffs' Request for Partition In Kind and Accounting. Plaintiffs, Cheryl Lynn Dierschke, Dana Joy Dierschke Nezwek, and Grant Steven Dierschke, appeared in person and by attorney of record and announced ready for said hearing. Defendants, Cheryl Ann Dierschke Winn and Janis Dierschke, were duly and timely served with citation, but have not made an appearance in this cause and have wholly made default. Defendants, Brian William Dierschke and Marvin Dierschke, made their appearance in this cause; however, on September 17, 2013, this Court struck their pleadings and granted judgment by default against them on all of the claims and causes of action asserted by the Plaintiffs in this cause.

In due consideration of all matters of fact and law, and after hearing the evidence and argument of counsel, the Court is of the opinion and finds as follows:

1.　　Cheryl Lynn Dierschke, Dana Joy Dierschke Nezwek, Grant Steven Dierschke, Brian William Dierschke and Christy Ann Dierschke Winn each own an undivided one-fifth (1/5) interest in and to the following three tracts of land:

(a) the 91.749 acres out of Survey 67, Abstract 1968, and Survey 68, Abstract 8040, S.P.R.R. Co., District 11, described by metes and bounds as Tract A of Exhibit "B" in the Deed Without Warranty dated July 20, 2009,

-1-

recorded as Instrument No. 673696 in the Deed Records of Tom Green County, Texas, which Deed Without Warranty is hereby incorporated by reference;

(b) the 19.583 acre tract out of the East ½ of Survey 58, Abstract 8003, S.P.R.R. Co., District 11, described by metes and bounds as Tract B of Exhibit "B" in said Deed Without Warranty; and

(c) the 126.787 acres out of Surveys 67 and 68, S.P.R.R. Co., described more particularly as Tract D of Exhibit "B" in said Deed Without Warranty.

2. Cheryl Lynn Dierschke, Dana Joy Dierschke Nezwek, Grant Steven Dierschke, Brian William Dierschke, and Christy Ann Dierschke Winn, each own an undivided one-fifth (1/5) of an undivided 35.5% interest in and to the following tract of land: 225.5 acres out of the W/2 of the north part of Survey 50, District 11, S.P.R.R. Co., described by metes and bounds as Tract C of Exhibit "B" in said Deed Without Warranty; and Defendant, Marvin Dierschke, owns the remaining undivided 64.5% interest in this 225.5 acre tract. Defendant, Janis Dierschke, who is Marvin Dierschke's spouse, has homestead rights in Marvin Dierschke's undivided interest in this 225.5 acre tract; and Marvin Dierschke and Janis Dierschke currently reside on two acres of this undivided 225.5 acre tract.

3. The above described four tracts of land are susceptible to fair and equitable partition among the parties so as to reflect their respective interests, save and except the two acres of the undivided 225.5 acre tract upon which Marvin Dierschke and Janis Dierschke currently reside.

It, therefore, ORDERED that the forgoing property is partitioned among the above-named parties such that the value of the parcel or parcels allotted to each party reflects that party's interests as recited above; however, it is ORDERED that the two acres upon which Marvin Dierschke and Janis Dierschke currently reside on the 225.5 acre tract is excepted from the partition, and it is ORDERED that those two acres shall be set aside to Marvin Dierschke and shall not be considered in the partition of the remaining 223.5 acres in this tract or the partition of the three other tracts.

It is further ORDERED that Kevin Halfmann, Jerry Sefcik and Chip Cole, competent and disinterested persons, are appointed commissioners to make the partition in

-2-

accordance with this decree and the law, and when the partition is completed, to report in writing and under oath to this Court by the 28th day of August, 2015. It is ORDERED that Robert Elliott is appointed alternate commissioner in the event one of the above named commissioners cannot serve.

It is further ORDERED that _SKG Engineering_ is appointed surveyor for the purpose of assisting the above named commissioners in making the partition.

It is further ORDERED, ADJUDGED, and DECREED that Plaintiffs, Cheryl Lynn Dierschke, Dana Joy Dierschke Nezwek, and Grant Steven Dierschke, have and recover judgment from and against Defendants, Brian William Dierschke and Marvin Dierschke, jointly and severally, for the sum of Two Hundred Sixty Four Thousand Seven Hundred Twenty Four and 13/100 Dollars ($264,724.13), plus post-judgment interest on this sum at the rate of five percent (5%) per annum after the date of the signing of this judgment. It is further ORDERED that an equitable lien is hereby created to enforce the payment of this Judgment against the interest granted to Brian William Dierschke and Marvin Dierschke in the property described herein; and, if such judgment lien remains unpaid as of the date of the final Order partitioning the property into separate tracts, that such judgment lien shall be imposed against the interest in such property partitioned to Brian William Dierschke, to Marvin Dierschke, or to both Brian William Dierschke and Marvin Dierschke. It is further ORDERED that if this judgment lien is not completely satisfied against the interest in the property partitioned to Brian William Dierschke, to Marvin Dierschke, or to both Brian William Dierschke and Marvin Dierschke, that the balance of

-3-

the judgment remaining unpaid shall be a valid and binding joint and several judgment against Brian William Dierschke and Marvin Dierschke.

It is further ORDERED that all cost of Court, the fees and expenses to be paid to the commissioners, and any fees or expenses to survey any of the properties to effect the partition shall be charged against each party based upon their respective overall ownership interests in the subject properties.

It is further ORDERED that the Clerk of this Court shall issue a writ of partition, directed to the Sheriff or any Constable of Tom Green County, Texas, commanding such Sheriff or Constable to notify each of the above named commissioners of their appointment. The Clerk shall accompany such writ with a certified copy of this decree.

It is further ORDERED that the Decree Ordering Partition and Appointing Commissioners signed on June 1, 2015, is set aside and held to be of no further force or effect.

Signed this 16th day of June, 2015.

_____
DISTRICT JUDGE PRESIDING
(R. L. Blann, Judge Assigned)

-4-

I hereby certify that a true copy of the above and forgoing was forwarded to James David Walker by U. S. Priority Mail on Oct 26th, 2015 properly addressed as follows:

James David Walker
Attorney at Law
P. O. Box 41
Milano, Texas 76556

BRIAN DIERSCHKE

MARVIN DIERSCHKE

PRO SE FOR APPELLANTS

# PRIORITY
## ★ MAIL ★

📅 **DATE OF DELIVERY SPECIFIED***

📶 **USPS TRACKING™ INCLUDED***

💲 **INSURANCE INCLUDED***

🚚 **PICKUP AVAILABLE**

* Domestic

WHEN USED INTER
A CUSTOMS DEI
LABEL MAY BE I

**USPS TRACKING #**

9114 9999 4431 4921 5636 72

LAB400R Aug. 2013
7690-17-000-0669

P S0000 1000014

EP14F July 2013
OD: 12.5 x 9.5

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE


**UNITED STATES POSTAL SERVICE®**

---

**UNITED STATES POSTAL SERVICE**

# PRIORITY
## MAIL®

**For Domestic
and International Use**

Label 228, January 2008

**From**

BRIAN DIERSCHKE
8494 H AWK AVE
SAN ANGELO, TX 76904

**TO**

CouRT OF APPEALS
Third District
P.O. Box 12547
Austin, TX 78711-2547

PITNEY BOWES
02 1P    $ 005.75⁰
0001918266  OCT 26 2015
MAILED FROM ZIP CODE 76957

UNITED STATES POSTAGE

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse may b
violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service; July 2013; All rights reserved.

CERTIFICATE OF COMPLIANCE

RECEIVED

NOV 0 5 2015

THIRD COURT OF APPEALS
JEFFREY D. KYLE

I certify that the foregoing document contains 2368 words according to the word count

of the computer program used to prepare it, in compliance with Tex R. App. Rule 9.4 (i)

(3).

Brian and Marvin
Dierschke
8494 Hawk Ave
San Angelo, Tx 76904

*Brian Dierschke*
BRIAN DIERSCHKE

*Marvin Dierschke*
MARVIN DIERSCHKE

PRO SE

PRESS FIRMLY TO SEAL



PITNEY BOWES
$ 005.750
02 1P NOV 03 2015
0001918266 ZIP CODE 76957
MAILED FROM

UNITED STATES

PRIORITY®
MAIL

UNITED STATES POSTAL SERVICE

For Domestic
and International Use

Label 228, January 2008

From

**TO**

BRIAN and Marvin Dieschko
8494 Hawk Ave
San Angelo, Tx 76904

Third District
Court of Appeals
P.O. Box 12547
Austin, Texas 78711-2547

UNITED STATES
POSTAL SERVICE®

USPS TRACKING #

9114 9999 4431 4921 5639 17

LAB400R Aug. 2013
7690-17-000-0669

RY SPECIFIED*

M INCLUDED*